Opinion by
Mr. Justice Day.
Involved in this writ of error is one narrow issue: Whether, in a paternity action, the child or children involved must be residents of the county at the time of the trial?
The Welfare Department of the City and County of Denver, pursuant to 1967 Perm. Supp., C.R.S. 1963, 22-6-1, initiated the paternity proceedings against the plaintiff Del Campo in the Denver Juvenile Court. It is conceded that at the time of the commencement of the proceedings the children involved were residing in the City and County of Denver, but at the time of the trial had been removed to Larimer County. On the date of the trial Del Campo moved to dismiss the action because the children had moved. His motion was denied.
The court properly disposed of the motion to dismiss. We find that 1967 Perm. Supp., C.R.S. 1963, 22-1-5, is controlling in this matter. It reads as follows:
“Venue.— (1) Proceedings in cases brought under the provisions of section 22-1-4, except section 22-1-4 (1) (i), shall be commenced in the county in which the child *279 resides or is present, or in which an alleged violation of law, ordinance, or court order took place.” (Emphasis added.)
The action having been properly commenced in Denver as the statute provided, jurisdiction attached, and the court is not divested of it thereafter by reason of the fact that the children move out of the county.
The judgment is affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.